**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Chateauneuf,<br><br>            Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>            Defendant. | No. CV-12-08246-PCT-DGC<br><br>**ORDER** |

On April 26, 2013, James Chateauneuf ("Plaintiff" or "the claimant") filed an opening brief challenging the Commissioner's denial of his application for Social Security benefits. Doc. 14. The Commissioner filed a response on May 15, 2013. Doc. 15. Plaintiff has not filed a reply brief. For the reasons that follow the Court will deny Plaintiff's appeal of the Commissioner's determination.

**I.  Background.**

Plaintiff filed an application for disability insurance benefits and supplemental security income in July 2009, alleging a disability onset date of May 30, 2007. On December 20, 2011, Plaintiff amended his disability onset date to November 2, 2009. Tr. at 250. After his initial claims were denied a hearing was held before an Administrative Law Judge ("ALJ") on January 9, 2012. On February 7, 2012, the ALJ issued a decision in which he concluded that Plaintiff was not disabled within the meaning of the Act prior to December 1, 2011, but became disabled on that date. The ALJ's decision became the Commissioner's final decision when Plaintiff's request for

review was denied by the Social Security Administration Appeals Council.

**II. Legal Standard.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

**III. Analysis.**

For purposes of Social Security benefits determinations, a disability is

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 404.1505.

Determining whether a claimant is disabled involves a sequential five-step evaluation. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commission determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to the next step. If the claimant establishes his burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful employment since the amended disability onset date of November 2, 2009. Tr. at 15. In satisfaction of step two, the ALJ found that the Plaintiff suffers from the following severe impairments: cervical and lumbar degenerative disc disease, neuropathy, hypertension, and thrombosis of the lower extremity. Tr. at 15. At step three, the ALJ considered the record evidence and concluded that the claimant does not have an impairment or combination of impairments that meets or equals the severity of one of the impairments listed in the regulations. Tr. at 16. The ALJ then considered the relevant evidence and determined that before December 1, 2011, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). Tr. at 16. After December 1, 2011, the ALJ concluded, Plaintiff's conditioned had worsened and he had the RFC to perform only sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a) with several additional limitations. At step five, the ALJ concluded that prior to December 1, 2011, Plaintiff had an RFC that would have permitted him to perform his past relevant work as a deli clerk, cashier, and dining room manager as actually performed, but Plaintiff's RFC prevented him from performing his past relevant work after December 1, 2011. Tr. at 20-21. Finally, the ALJ concluded that after December 1, 2011, there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. at 21.

Plaintiff contends that the ALJ misinterpreted evidence and improperly discounted the opinion of a treating physician, and that he improperly discounted Plaintiff's subjective complaints. Doc. 14 at 2.

**A.     Medical Source Opinion.**

Plaintiff takes exception to the ALJ's statement that the opinion of his treating nurse practitioner, Michele Peters, "remain[ed] without support." Doc. 14 at 4 (citing Tr. at 20). Plaintiff believes that the objective tests performed on his back in 2009 provide adequate support for Peters' conclusion that he was disabled prior to December 1, 2011. He also claims that the conservative course of treatment was a result of his indigence and should not be used as evidence that his condition was not severe.

The opinion of a nurse practitioner is not an "acceptable medical source," but it can be considered as an opinion from "other sources." *Gomez v. Chater*, 74 F. 3d 967, 970-71 (9th Cir. 1996); 20 C.F.R. §§ 404.1513(a) and (d). The regulations permit the Commissioner to "accord opinions from other sources less weight than opinions from acceptable medical sources." *Gomez*, 74 F.3d at 970-71.

The ALJ did not ignore or misinterpret the objective evidence from the tests performed in 2009. The ALJ detailed the results of the tests and concluded that while they might suggest functional limitations, they were not sufficient evidence to conclude that Plaintiff could not perform light work. Tr. at 17 (citing Exs. 1F, 4F). Furthermore, the ALJ's rejection of Peters' assessment was based on more than a mere lack of objective support. The ALJ reviewed and cited treatment notes that suggested few if any limitations (Exs. 2F, 5F, 8F), a report from Plaintiff that his pain was under control (Ex. 8F), and a report of successful physical therapy (Ex. 7F). Tr. at 17-18. He also cited the opinions of an examining physician, Dr. Robert Baker, and two reviewing physicians whose opinions uniformly contradicted Peters'. Tr. at 18. Finally, the ALJ noted that Peters' opinions were "rather extreme and without support from her treatment notes." Tr. at 19. While the ALJ noted the conservative course of treatment, it is clear that there was substantial evidence to discount Peters' assessment even without that factor.

**B.     Plaintiff's Subjective Testimony.**

The ALJ must engage in a two-step analysis to evaluate the credibility of a claimant's subjective testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). If the claimant meets this first test, and there is no evidence of malingering, then the ALJ "can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). "The ALJ may

consider at least the following factors when weighing the claimant's credibility: claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains." *Thomas*, 278 F.3d at 958-59 (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789,792 (9th Cir. 1997)).

Here, the ALJ considered the evidence and found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible prior to December 1, 2011, to the extent they are not inconsistent with the residual functional capacity assessment." Tr. at 17.  In support of this finding, the ALJ reviewed the results from objective tests, including the November 2009 CT scan, and concluded that there was "no objective evidence to support the claimant's allegations of debilitating symptoms and limitations." Tr. at 17. Additionally, the same evidence that was used to discount Peters' opinion is also applicable to an assessment of Plaintiff's credibility, particularly the report from Plaintiff that his pain was under control (Ex. 8F) and the report of a successful stint in physical therapy (Ex. 7F).  Although he did not credit them in full, the ALJ also found the opinions of the examining physician and two consulting physicians undermined Plaintiff's subjective complaints because the "treating professionals consistently observed that he appears in no acute distress."  Tr. at 18-19 (citing Exs. 2F, 5F, 8F).

Finally, the ALJ noted inconsistencies in Plaintiff's testimony.  Tr. at 19. Particularly, he stated that Plaintiff claimed to have stopped working as a result of his disability when records indicated that he had been laid off, and that Plaintiff claimed that he was unable to drive, but later admitted that he could.  Tr. at 19 (citing Exs. 2F, 3F). Plaintiff argues that these inconsistencies do not undermine his credibility because he amended his disability onset date to several months after he left his place of employment and because he had not driven for several years.  Doc. 14 at 7-8.  Despite Plaintiff's

1 attempt to resolve the issues, the ALJ may consider "inconsistencies either in claimant's testimony or between [his] testimony and [his] conduct" when evaluating Plaintiff's credibility. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789,792 (9th Cir. 1997)). Furthermore, even without these inconsistencies the ALJ has offered other "specific, clear and convincing reasons" for discounting Plaintiff's subjective testimony. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

**IT IS ORDERED** that Plaintiff's appeal of the Commissioner's decision (Doc. 14) is **denied.**

Dated this 17th day of June, 2013.

_____
David G. Campbell
United States District Judge